IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

| | |
|---|---|
| RANDY ETHAN HALPRIN | Polunsky Unit, 3872 FM 350 Livingston, Tx |
| PETITIONER | CURRENT PLACE OF CONFINEMENT |
| (Full name of Petitioner) | |
| vs. | 999453 |
| | PRISONER ID NUMBER |
| BRAD LIVINGSTON, Director TDCJ | |
| RESPONDENT | CASE NUMBER |
| (Name of TDCJ Director, Warden, Jailor, or authorized person having custody of Petitioner) | (Supplied by the District Court Clerk) |

### INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the Petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check all that apply)

| | | |
|---|---|---|
| ☑ | A judgment of conviction or sentence, probation or deferred-adjudication probation. | (Answer Questions 1-4, 5-12 & 20-25) |
| ☐ | A parole revocation proceeding. | (Answer Questions 1-4, 13-14 & 20-25) |
| ☐ | A disciplinary proceeding. | (Answer Questions 1-4, 15-19 & 20-25) |
| ☑ | Other: Sentence of Death | (Answer Questions 1-4, 10-11 & 20-25) |

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____

   283rd District Court, Dallas County, Texas

2. Date of judgment of conviction: June 12, 2003

3. Length of sentence: Capital --Death Penalty

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: F01-00237-T

-2-

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)  ☒ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6. Kind of trial: (Check one)   ☒ Jury   ☐ Judge Only

7. Did you testify at trial?   ☒ Yes   ☒ No

8. Did you appeal the judgment of conviction?   ☒ Yes   ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? _____

   Tex. Ct. Crim App., Austin, Tex.          Cause Number (if known): AP-74,721

   What was the result of your direct appeal (affirmed, modified or reversed)? Affirmed

   What was the date of that decision? June 29, 2005

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: n/a

   Result: n/a

   Date of result: n/a          Cause Number (if known): n/a

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: no

   Date of result: n/a

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☒ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: Texas Court of Criminal Appeals

    Nature of proceeding: State Habeas

    Cause number (if known): WR-77,175-01, WR-77,175-02, WR-77,175-03, WR-77-175-04

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: April 6, 2005

Grounds raised: Brady violation, Ineffective Assistance of Counsel, Actual Innocence, Mitigation Issues

Re: Burden of Proof, Jury Composition, Undefined Terms In Jury Instruction, Jury Charge Errors

Date of final decision: May 8, 2013

What was the decision? Affirmed

Name of court that issued the final decision: Texas Court of Criminal Appeals

As to any second petition, application or motion, give the same information:

Name of court: n/a

Nature of proceeding: n/a

Cause number (if known): n/a

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court:
n/a

Grounds raised: n/a

Date of final decision: n/a

What was the decision? n/a

Name of court that issued the final decision: n/a

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   ☐ Yes   ☑ No

   (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: n/a

   (b) Give the date and length of the sentence to be served in the future: n/a

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future? ☐ Yes ☒ No

**Parole Revocation:**

13. Date and location of your parole revocation: n/a

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation? ☐ Yes ☒ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon? ☐ Yes ☒ No

16. Are you eligible for release on mandatory supervision? ☐ Yes ☒ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: n/a

    Disciplinary case number: n/a

    What was the nature of the disciplinary charge against you? n/a

18. Date you were found guilty of the disciplinary violation: n/a

    Did you lose previously earned good-time days? ☐ Yes ☒ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: n/a

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status: n/a

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure? ☐ Yes ☒ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: n/a

    Date of Result: n/a

Step 2 Result: n/a

Date of Result: n/a

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. **GROUND ONE:** Petitioner [hereinafter "Mr. Halprin"] was denied his rights under the Eighth Amendment to the U.S. Constitution when the trial court prevented him from offering mitigating evidence at sentencing.

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   A written report prepared by the Texas Department of Corrections in connection with its internal investigation into the escape of seven prisoners (all of whom were prosecuted in separate cases), ranked Mr. Halprin as the weakest of the seven with respect to his Leadership Skills and Personality Characteristics. Each time the report was tendered by trial counsel as mitigating evidence supporting the Mitigation Special Issue, the trial court denied its admission over the State's "hearsay" objections; as a result, the jurors never learned of the report.

B. **GROUND TWO:** The Eighth Amendment's prohibition against cruel & unusual punishment and the Fifth Amendment's due process guarantee were violated because of lack of evidence showing the requisite mental state.

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   The evidence did not show that Mr. Halprin acted with the intent to kill the victim, Aubrey Hawkings, nor did it show that he committed any act in reckless disregard of Mr. Hawkins' life. Instead, the evidence showed he was actually innocent, due to his lack of participation in the offense.

C. **GROUND THREE:** State agents witheld (admittedly, probably unintentionally) and failed to disclose exculpatory evidence concerning the identity of the person who prepared the report referenced in Ground One.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

When defense counsel repeatedly sought to enter the results of the internal investigation of the escape conducted by the Texas Department of Criminal Justice, the State premised its hearsay objections on the ground that the author of the report was unknown. In fact, however, agents for the State, specifically the Administration of the Texas Department of Corrections, knew that the report had been prepared by one of its employees, an Investigation Sargent.

D. **GROUND FOUR:** Mr. Halprin received Ineffective Assistance of Counsel at the Guilt/Innocence phase when counsel failed to present exculpatory evidence showing that he did not fire a weapon.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Because of counsels' ineffective assistance, the jury did not hear exculpatory evidence in the form of available testimony from multiple sources demonstrating that Mr. Halprin did not fire a weapon.

*NOTE: See attachment for additional Grounds.

21. Relief sought in this petition: Mr. Halprin requests that this Court sustain one or more of the Grounds presented, vacate his sentence of death, remand the case with instructions that the state district court enter a judgment of acquittal, alternatively grant a new trial, or for such further relief that he may be entitled.

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?  ☐ Yes  ☒ No
If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

n/a

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?  ☐ Yes  ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes  ☒ No

If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

n/a

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☒ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. n/a

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing: n/a

   (b) At arraignment and plea: Hon. Edward King and George Ashford, 325 N. St. Paul St. Dallas, Tx. 75201

   (c) At trial: Hon. George Ashford and Hon. Edward King, 325 N. St. Paul Street, Ste. 2475, Dallas, Tx.

   (d) At sentencing: Hon. George Ashford and Hon. Edward .King, 325 N. St. Paul Street, Ste. 2475, Dallas,

   (e) On appeal: Hon. George Ashford, 325 N. St. Paul Street, Ste. 2475, Dallas, Tx. 75201

   (f) In any post-conviction proceeding: Hon Gary Udashen, 2301 Cedar Springs Rd., Ste. 400 Dallas,

    (g)    On appeal from any ruling against you in a post-conviction proceeding: _____

n/a

## Timeliness of Petition:

26. If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

n/a

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

  (1)  A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, Petitioner prays that the Court grant him the relief to which he may be entitled.

_/s/ David L. Richards_
Signature of Attorney (if any)

DAVID L. RICHARDS

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

March 20, 2013 _____ (month, day, year).

Executed (signed) on _____ (date).

SIGNED BY CJA HABEAS ATTORNEY ABOVE
Signature of Petitioner (<u>required</u>)

Petitioner's <u>current</u> address: TDC No. 999453, Polunsky Unit, 3872 FM 350 Livingston, Tx. 77351

-10-

**GROUND FIVE:** Trial Counsel Rendered Ineffective Assistance when counsel failed to request a jury instruction allowing conviction for the Lesser Included Offense of Murder.

Supporting facts: Evidence existed under which a properly instructed Jury could Have determined that if Mr. Halprin was guilty, he was only guilty of the Lesser Included Offense of Felony Murder. Specifically, there was evidence that a co-defendant, George Rivas, fired his weapon only with the intent to hit the victim's bullet-proof vest; yet no jury instruction on felony murder was requested.

**GROUND SIX:** Trial Counsel Rendered Ineffective Assistance by failing to object to extraneous acts of misconduct on the part of Mr. Halprin that were not disclosed in the requisite written pre-trial Notice by the State.

Supporting facts: Following his testimony on direct examination at the guilt/innocence phase, counsel failed to object when he was crossed in detail with specific instances of prior bad acts that were not disclosed in the pre-trial notice.

**GROUND SEVEN:** Trial Counsel Rendered Ineffective Assistance by failing to Object to detailed questions concerning prior acts of misconduct that were not relevant to any issue in the case.

Supporting facts: No objection was raised by trial counsel when the State questioned Mr. Halprin concerning his character for not telling the truth, whether he had been manipulative, lied in the past, and details of the prior offense for which he was convicted of child abuse.

**GROUND EIGHT:** Trial Counsel Rendered Ineffective Assistance by failing to present readily available mitigating evidence at the trial's punishment phase.

Supporting facts: Although available, no records to support the testimony of retained mitigation expert Dr. Kelly Goodness were offered into evidence. Counsel also did not make proper legal arguments in connection with documents which were excluded by the trial. In addition, important mitigating evidence discovered by Dr. Goodness during the course of her investigation was never proffered.

**GROUND NINE:** Trial Counsel Rendered Ineffective Assistance by failing to call George Rivas, the "Ringleader" of the six co-defendants, as a witness.

Supporting facts: Rivas was available and could have provided mitigating evidence, if called. That evidence presumably would have mirrored interviews given by Rivas to law enforcement officials in which Halprin's role in the incidents would have been demonstrated to have been very minimal.

APPENDIX P. 1

**GROUND TEN:** Trial Counsel Rendered Ineffective Assistance by failing to request S.O. Woods, a former director in the Texas Department of Criminal Justice, to assist in finding the author of the report referenced in Ground One.

Supporting Facts: It is highly likely that, if requested, Mr. Woods could have determined the author of the post-escape report made the subject of Ground One of this writ application, as evidenced by the affidavit submitted by Mr. Woods on State habeas.

**GROUND ELEVEN:** Trial Counsel Rendered Ineffective Assistance by failing to request a so-called "Anti-Parties" instruction in the jury charge.

Supporting Facts: No request was made for an instruction at punishment that would have required the jurors to focus on Mr. Halprin's mental state, as opposed to the mental state of his co-defendants.

**GROUND TWELVE:** Appellate Counsel rendered Ineffective Assistance by failing to present a complaint on direct appeal concerning the wrongful exclusion of a statement made by co-defendant Rodrigues involving his role in the shooting.

Supporting Facts: Counsel timely filed a brief on direct appeal; however, the brief failed to contain a valid point concerning the improper exclusion of a statement that, by implication, provided mitigating (if not exculpatory) evidence that one of the Rodrigues, and not Halprin, played a primary role in the shooting.