# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| RANDY ETHAN HALPRIN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. 3:13-CV-01535-L |
| | § | |
| LORIE DAVIS, Director, Texas | § | |
| Department of Criminal Justice, | § | CASE INVOLVING THE DEATH |
| Institutions Division, | § | PENALTY |
| | § | |
| Respondent. | § | |

## OPPOSED MOTION TO STAY AND ABATE PROCEEDINGS
## AND BRIEF IN SUPPORT

TO THE HONORABLE SAM A. LINDSAY, UNITED STATES DISTRICT JUDGE:

Petitioner Randy Ethan Halprin, by and through his undersigned counsel, and pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), and *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), hereby moves this Court to stay these proceedings and hold them in abeyance pending exhaustion of state court remedies. Due to Texas's "two-forums rule," that return to state court must follow the conclusion of review in Mr. Halprin's initial federal habeas proceedings, and any ongoing consideration of the issues raised in Mr. Halprin's second federal petition. This Motion is based on the files and records in this case and the points and authorities contained in the accompanying brief.

///

1

Respectfully submitted,

PAUL E. MANSUR
Texas Bar No. 796078
P.O. Box 1300
Denver City, Texas 79323
(806) 592-2797 (tel.)
(806) 592-9136 (fax)
paul@paulmansurlaw.com

MAUREEN FRANCO
FEDERAL PUBLIC DEFENDER

_/s/Tivon Schardl_____
TIVON SCHARDL
CHIEF, CAPITAL HABEAS UNIT
Florida Bar No. 73016

_/s/Timothy Gumkowski____
TIMOTHY GUMKOWSKI
ASSISTANT FEDERAL DEFENDER
Texas Bar No. 24104788
Federal Defender Office
919 Congress, Suite 950
Austin, Texas 78701
737-207-3007 (tel.)
512-499-1584 (fax)

Attorneys for Petitioner

DATED:  May 22, 2019

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... ii

I.  INTRODUCTION ................................................................................... 1

II.  RELEVANT BACKGROUND & SUMMARY OF ARGUMENT.................... 2

III.  ARGUMENT............................................................................................ 6

  A.  Legal Standard .................................................................................. 6

  B.  Mr. Halprin Satisfies the *Rhines* Standard ....................................... 6

    1.  Good Cause ................................................................................ 6

    2.  Potential Merit........................................................................... 8

      a.  The Substantive Law and the Evidence.................................. 8

      b.  The Procedural Law............................................................. 10

        (1)  State Law.................................................................... 10

        (2)  Federal Law ............................................................... 13

    3.  Not for Purpose of Delay........................................................... 15

IV.  REQUEST FOR A HEARING............................................................... 15

V.  CONCLUSION .................................................................................... 16

CERTIFICATE OF CONFERENCE ........................................................................... 18

CERTIFICATE OF SERVICE .................................................................................... 18

## TABLE OF AUTHORITIES

### CASES

*Bell v. Hood*, 327 U.S. 678 (1946)------------------------------------------------------------------- 14

*Blake v. Baker*, 745 F.3d 977 (9th Cir. 2014) ------------------------------------------------------ 7

*Bracy v. Gramley*, 520 U.S. 899 (1997)------------------------------------------------------------- 9

*Buntion v. Quarterman*, 524 F.3d 664 (5th Cir. 2008)-------------------------------------------- 9

*Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) ---------------------------------------- 9

*Cerveceria Cuauhtemoc Moctzuma S.A. de C.V. v. Mont. Bev. Co.*, 330 F.3d 284

    (5th Cir. 2003)---------------------------------------------------------------------------------- 13

*De Leon v. Aguilar*, 127 S.W.3d 1 (Tex. Crim. App. 2004)-------------------------------------- 12

*Edwards v. Balisok*, 520 U.S. 641 (1997) ---------------------------------------------------------- 9

*Ex parte Acker*, No. WR-56,841-05, 2014 WL 2002200 (Tex. Crim. App.

    May 14, 2014) ---------------------------------------------------------------------------------- 8

*Ex parte Blue*, 230 S.W.3d 151 (Tex. Crim. App. 2007) ----------------------------------------- 8

*Ex parte Campbell*, 226 S.W.3d 418 (Tex. Crim. App. 2007)----------------------------------- 11

*Ex parte Halprin*, No. WR-77,174-01, 2013 WL 1150018 (Tex. Crim. App.

    Mar. 20, 2013)---------------------------------------------------------------------------------- 2

*Ex parte Kunkle*, No. 20,574-03, 2004 WL 7330932 (Tex. Crim. App. Sept. 15, 2004) ---- 5

*Ex parte Pondexter*, No. WR-39,706-02, 2008 WL 748393 (Tex. Crim. App.

    Mar. 19, 2008)---------------------------------------------------------------------------------- 8

*Ex parte Soffar*, 143 S.W.3d 804, 804 (Tex. Crim. App. 2004)------------------------------- 5, 8, 15

*Halprin v. Davis*, 911 F.3d 247 (5th Cir. 2018)------------------------------------------------- 2, 4

*Halprin v. Davis*, No. 18A1032 (U.S. May 13, 2019) -------------------------------------------- 4

*Halprin v. State*, 170 S.W.3d 111 (Tex. Crim. App. 2005)-------------------------------------- 2

*Harris v. Nelson*, 394 U.S. 286 (1969) ------------------------------------------------------------ 10

*Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164 (5th Cir. 2009) ---------------------- 13

*In re Hearn*, 389 F.3d 122 (5th Cir. 2004)-------------------------------------------------------- 8

*In re Lewis*, 484 F.3d 793 (5th Cir. 2004) -------------------------------------------------------- 7

*In re Wilson*, 442 F.3d 872 (5th Cir. 2006) ------------------------------------------------------- 8

*Intec USA, LLC v. Engle*, 467 F.3d 1038 (7th Cir. 2006)--------------------------------------- 13

*Kunkle v. Dretke*, 543 U.S. 835 (Oct. 4, 2004) (mem.) ----------------------------------------- 5

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) --------------------------------------------------- 13

*Leal Garcia v. Quarterman*, 573 F.3d 214 (5th Cir. 2009) ---------------------------------- 13

*Lonchar v. Thomas*, 517 U.S. 314 (1996) --------------------------------------------------- 14

*Lopez v. Stephens*, No. CV B-15-144, 2016 WL 4126014 (S.D. Tex. Apr. 25, 2016) -------- 7

*Martin v. Halliburton*, 618 F.3d 476 (5th Cir. 2010) ---------------------------------------- 13

*Mathis v. Thaler*, 616 F.3d 461 (5th Cir. 2010) ---------------------------------------------- 7

*McClenan v. State*, 661 S.W.2d 108 (Tex. Crim. App. 1983) ------------------------------- 12

*Miller v. Dretke*, 431 F.3d 241 (5th Cir. 2005) ---------------------------------------------- 8

*Neville v. Dretke*, 423 F.3d 474 (5th Cir. 2005) ------------------------------------------- 10

*Pace v. DiGuglielmo*, 544 U.S. 408 (2005) ------------------------------------------ 1, 4, 6, 7

*Rhines v. Weber*, 544 U.S. 269 (2005) ----------------------------------------------- 1, 4, 6, 8

*Rippo v. Baker*, 137 S. Ct. 905 (2017) ------------------------------------------------------ 8

*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999) ------------------------------------ 13

*Ruiz v. Quarterman*, 504 F.3d 523 (5th Cir. 2007) ----------------------------------------- 6

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007) ----------------- 13

*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998) ----------------------- 14

*Tumey v. Ohio*, 273 U.S. 510 (1927) -------------------------------------------------------- 9

*Wilder v. Cockrell*, 274 F.3d 255 (5th Cir. 2001) ------------------------------------------ 10

*Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016) ------------------------------------------ 8

*Withrow v. Larkin*, 421 U.S. 35 (1975) ----------------------------------------------------- 11

*Young v. Stephens*, 795 F.3d 484 (5th Cir. 2015) ------------------------------------------- 6

## STATUTES

28 U.S.C. § 2244(b) -------------------------------------------------------------------------- 14

28 U.S.C. § 2244(d)(1) ----------------------------------------------------------------------- 4

28 U.S.C. § 2244(d)(1)(D) -------------------------------------------------------------------- 3

28 U.S.C. § 2244(d)(2) ----------------------------------------------------------------------- 7

28 U.S.C. § 2254(b)(1) ----------------------------------------------------------------------- 5

Tex. Code Crim. Proc. art. 11.071, § (5)(e) ------------------------------------------------ 11

Tex. Code Crim. Proc. art. 11.071, § 5(a)------------------------------------------- 5, 7, 11

Tex. Code Crim. Proc. art. 11.071------------------------------------------------------------- 5

## R<small>ULES</small>

Tex. Civ. R. 18(b)(1) -------------------------------------------------------------------------------------- 12

Tex. Civ. R. 18(b)(2) -------------------------------------------------------------------------------------- 12

Tex. Civ. R. 18b(a) --------------------------------------------------------------------------------------- 12

## T<small>REATISES</small>

Robert Schuwerk & Lillian Hardwick, *Texas Practice Series: Handbook of Texas Lawyer and Judicial Ethics* § 40:44 -------------------------------------------------------------------- 12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| RANDY ETHAN HALPRIN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. 3:13-CV-01535-L |
| | § | |
| | § | |
| LORIE DAVIS, Director, Texas | § | |
| Department of Criminal Justice, | § | CASE INVOLVING THE DEATH |
| Institutions Division, | § | PENALTY |
| | § | |
| Respondent. | § | |

## BRIEF IN SUPPORT OF MOTION TO STAY AND ABATE PROCEEDINGS

## I.  INTRODUCTION

Petitioner Randy Ethan Halprin has filed a second petition for writ of habeas corpus[1] asserting a structural defect in his trial: the trial judge harbored anti-Semitic bias against Mr. Halprin and anti-Hispanic bias against other so-called Texas Seven defendants. *See generally* Second Petition ("2d Pet."), ECF No. 1 at 21-37. Mr. Halprin's claim is timely but unexhausted. Ordinarily, these circumstances would give rise to a straightforward application of *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), and *Rhines v. Weber*, 544 U.S. 269 (2005), pursuant to which this Court would (most likely) stay these proceedings and hold them in abeyance provided Mr. Halprin files his habeas application in state court within 30 days. But

---

[1] Out of an abundance of caution, Mr. Halprin has filed his petition in a new docket, 3:19-CV-1203, and in the docket Mr. Halprin was assigned for his initial federal habeas proceedings, 3:13-CV-1535-L.

Mr. Halprin's initial federal proceedings are ongoing; his petition for Supreme Court review of the Fifth Circuit's denial of a certificate of appealability is due June 12, 2019. And, under the so-called two-forums rule, the Texas courts will not entertain Mr. Halprin's application for state habeas review while either the *certiorari* proceeding is ongoing or this Court is considering the procedural questions posed by Mr. Halprin's second federal petition. Under these unusual circumstances, the most efficient and expeditious process is for this Court to enter an order staying these proceedings, directing Mr. Halprin to file his state habeas application within 20 days of the conclusion of any review that follows from the *certiorari* petition, and directing the Clerk to abate (that is, administratively close) these proceedings upon Mr. Halprin filing a notice that he timely filed his application to the Texas Court of Criminal Appeals.

## II.  RELEVANT BACKGROUND & SUMMARY OF ARGUMENT

In June 2003, Mr. Halprin was convicted and sentenced to death in the 283rd District Court in Dallas, for what the State argued was his role in the Christmas eve shooting death of Irving police officer Aubrey Hawkins. Following the conclusion of direct review[2] and state habeas review,[3] Mr. Halprin timely sought federal habeas relief in this Court. *See Halprin v. Davis*, No. 3:13-cv-01535-L. In September 2017, this Court denied the petition. *Id.*, ECF No. 49. In December 2018, the Fifth Circuit denied a certificate of appealability, and, in January 2019, rehearing. *See Halprin v. Davis*, 911 F.3d 247 (5th Cir. 2018).

---

[2] *See Halprin v. State*, 170 S.W.3d 111 (Tex. Crim. App. 2005).
[3] *See Ex parte Halprin*, No. WR-77,174-01, 2013 WL 1150018 (Tex. Crim. App. Mar. 20, 2013).

While Mr. Halprin's federal habeas appeal and application for certificate of appealability were pending in the Fifth Circuit, evidence came to light that trial judge Vickers Cunningham is, and was at the time of trial, a racist, at least towards black people. *See* 2d Pet. Exhs. 21 & 22 (Naomi Martin, *White, straight, and Christian*, Dallas Morning News, May 18, 2018 & video interview). Mr. Halprin investigated whether Judge Cunningham also held anti-Semitic or anti-Hispanic views that might have caused him to be biased against any of the Texas Seven defendants. That investigation produced evidence that Judge Cunningham considered Mr. Halprin a "goddamn kike" and thought of his Latino co-defendants as "wetbacks." *See* 2d Pet. Exhs. 9 (Decl. Tammy McKinney), 17 (Decl. Amanda Tackett), 19 (Decl. Michael Samuels).

Mr. Halprin has petitioned this Court for habeas corpus relief based on Judge Cunningham's bias. Conflicting state and federal procedural rules regarding the consideration of his claim create compelling and unique reasons for this Court to stay proceedings on that petition. Specifically, Mr. Halprin has been placed in an unusual bind as a result of these four procedural rules:

(1) *The Statute of Limitations:* Evidence that the trial judge is a racist first came to light on March 18, 2018. *See* 2d Pet. at 16-18 & 2d Pet. Exhs. 21 & 22. That is the earliest "date on which the factual predicate of the claim or claims presented [in the petition] could have been discovered through the exercise of due diligence."[1] 28 U.S.C. § 2244(d)(1)(D). In order to satisfy the statute of limitations,

---

[1] Due diligence did not require that Mr. Halprin investigate whether Judge Cunningham was biased against him based on the May 18, 2018, article. That article revealed that Judge Cunningham has

Mr. Halprin filed his claims less than one year from that arguable triggering event. *See* 28 U.S.C. § 2244(d)(1). A stay is appropriate when, as here, a petitioner filed a "protective" petition to comply with the limitations period, but has not yet exhausted the petition's claims. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (authorizing a habeas petitioner to "fil[e] a 'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)).

(2) *Ongoing review of Mr. Halprin's initial federal habeas petition:* This Court denied Mr. Halprin's initial federal habeas petition in 2017. In December 2018, the Fifth Circuit denied a certificate of appealability. *See Halprin v. Davis*, 911 F.3d 247 (5th Cir. 2018). Mr. Halprin is preparing a petition for writ of *certiorari* to seek Supreme Court review of the Fifth Circuit's decision. Mr. Halprin received two extensions to file that *cert.* petition and it is now due on June 12, 2019. *Halprin v. Davis*, No. 18A1032 (U.S. May 13, 2019) (Application granted by Justice Alito extending time to file until June 12, 2019). At that time the Supreme Court will be in recess. The earliest the Court is likely to issue a ruling on Mr. Halprin's petition is the first Monday in October.

---

racist views about African Americans, opposes marriage equality, and wants his children to marry people of the same faith. *See* 2d Pet. at 41-42. Standing alone, none of those things indicates he was biased against a white, heterosexual defendant who happens to be Jewish. That is, the article did not establish the specific anti-Semitic bias against Mr. Halprin on which his claim is predicated.

(3) ***Texas's two-forums rule:*** Texas courts refuse to entertain state post-conviction applications filed under Texas Code of Criminal Procedure Article 11.071 while there are un-stayed federal habeas proceedings concerning the same conviction and sentence. *Ex parte Soffar*, 143 S.W.3d 804, 804 (Tex. Crim. App. 2004) (stating rule); *Ex parte Kunkle*, No. 20,574-03, 2004 WL 7330932, at *1 (Tex. Crim. App. Sept. 15, 2004) (applying rule to dismiss subsequent application pending while petition for certiorari was pending in the Supreme Court, *see Kunkle v. Dretke*, 543 U.S. 835 (Oct. 4, 2004) (mem.)).

(4) ***Exhaustion:*** The exhaustion rule bars a habeas remedy for claims not first presented to state courts, except under certain circumstances. 28 U.S.C. § 2254(b)(1). Texas law provides a mechanism for Mr. Halprin to present his judicial bias claim in a subsequent habeas application. Tex. Code Crim. Proc. art. 11.071, § 5(a). Therefore, Mr. Halprin must present his claims in state court before they can be considered by this Court. But Mr. Halprin cannot *yet* go back to state court because two federal courts now have jurisdiction to grant relief: (1) this Court, by way of his second petition, and (2) the Supreme Court, by *cert.* review.

An immediate stay pending exhaustion in state court provides the fairest, most efficient, least disruptive solution to this procedural quagmire.

## III. ARGUMENT

### A. LEGAL STANDARD

Stay/abeyance plays a vital and well-recognized role in habeas proceedings. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court unanimously recognized that a petitioner should be able to stay federal habeas proceedings to exhaust claims in state court. The Court found this procedure promotes resolution of claims in a state forum without penalizing a petitioner with dismissal of the petition (and the forfeiture of federal review). *Id.* at 275. As a result, the Supreme Court has held that it likely "would be an abuse of discretion for a district court to deny a stay . . . if [1] the petitioner had good cause for his failure to exhaust, [2] his unexhausted claims are potentially meritorious, and [3] there is no indication that he engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278; *accord Young v. Stephens*, 795 F.3d 484, 495 (5th Cir. 2015).

In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court found that "reasonable confusion" about whether a state post-conviction application would toll the federal statute of limitations would provide good cause for filing an unexhausted claim in federal court before asking to go back to state court. *Pace*, 544 U.S. at 416.

### B. MR. HALPRIN SATISFIES THE *RHINES* STANDARD

#### 1. *Good Cause*

*Rhines* did not require "good cause" in some "technical sense," but "rather intended the district court [to] find 'good cause' in the equitable sense." *Ruiz v. Quarterman*, 504 F.3d 523, 529 n.17 (5th Cir. 2007). The requirement focuses on the reason for not presenting a claim in the state post-conviction proceeding. Showing good cause requires "a reasonable

excuse, supported by evidence to justify a petitioner's failure to exhaust ...." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014) (citing *Pace*, 544 U.S. at 416). "Good cause for [a *Rhines* stay] should not require an extraordinary or unreasonable showing." *Lopez v. Stephens*, No. CV B-15-144, 2016 WL 4126014, at *4 (S.D. Tex. Apr. 25, 2016).

Mr. Halprin has good cause for arriving in federal court before exhausting his claim. Because of the absence of an available state corrective process due to the two-forums rule, Mr. Halprin cannot toll the statute of limitations by properly filing an application for review in state court. *See In re Lewis*, 484 F.3d 793, 798 (5th Cir. 2004) ("Texas two-forum rule temporarily postponed Lewis's ability to file his *Atkins* claim in state court"). Or, at least, there is uncertainty regarding (a) whether an application dismissed under the two-forums rule would have been "properly filed," and (b) how long such an application would remain pending, if at all. *See* 28 U.S.C. § 2244(d)(2) (providing that limitations period is tolled during pendency of "properly filed application for State post-conviction or other collateral review"); *Pace*, 544 U.S. at 416 ("A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court.").

But for the two-forum rule, Mr. Halprin would have filed an application in state court under § 5 and relied upon that to toll the federal statute of limitations. *Mathis v. Thaler*, 616 F.3d 461, 472 (5th Cir. 2010) (application under § 5 is properly filed even if state court ultimately denies review under § 5(a)). However, as the Fifth Circuit has recognized, the *potential* application of the two-forum rule creates sufficient problems to constitute grounds

for equitably tolling the statute of limitations in some circumstances. *See In re Hearn*, 389
F.3d 122, 123 (5th Cir. 2004).[5]

## 2. Potential Merit

### a. The Substantive Law and the Evidence

Mr. Halprin has raised a meritorious claim of judicial bias. To obtain a *Rhines* stay,
Mr. Halprin must make the very low showing that his unexhausted claim is "potentially
meritorious." 544 U.S. at 277. A claim is "potentially meritorious" under *Rhines* as long as
it is not "plainly meritless." *Id.*; *see also Miller v. Dretke*, 431 F.3d 241, 254 (5th Cir. 2005)
(same).

A judge's participation in a criminal trial offends due process when an objective
observer, "considering all the circumstances alleged," would conclude "the risk of bias was
too high to be constitutionally tolerable." *Rippo v. Baker*, 137 S. Ct. 905, 907 (2017);
*Williams v. Pennsylvania*, 136 S. Ct. 1899, 1905 (2016) ("The Court asks not whether a judge
harbors an actual, subjective bias, but instead whether, as an objective matter, the average
judge in his position is 'likely' to be neutral, or whether there is an unconstitutional 'potential

---

[5] The Fifth Circuit has said "Texas has overturned" its two-forums rule. *Hearn*, 389 F.3d at 123; *In re Wilson*, 442 F.3d 872, 876 (5th Cir. 2006). That is not correct. The TCCA has explained, "we *modified* our so-called 'two-forums' rule in such a way that it should no longer pose a potential statute of limitations problem for federal habeas applicants raising *Atkins* claims under the provisions of the Antiterrorism and Effective Death Penalty Act." *Ex parte Blue*, 230 S.W.3d 151, 156 n.21 (Tex. Crim. App. 2007) (emphasis added). But that modification—an allowance for the federal courts' stay-abeyance procedure for petitioners who went to state court *first*, *Ex parte Soffar*, 143 S.W.3d 804 (Tex. Crim. App. 2004)—was not available to Mr. Halprin who was already in the Fifth Circuit when he first could have learned about Judge Cunningham's bias. The rule remains in effect. *See, e.g., Ex parte Acker*, No. WR-56,841-05, 2014 WL 2002200, at *1 (Tex. Crim. App. May 14, 2014) (dismissing under *Soffar* while case was in federal district court); *Ex parte Pondexter*, No. WR-39,706-02, 2008 WL 748393, at *1 (Tex. Crim. App. Mar. 19, 2008) (dismissing under *Soffar* while case was in Fifth Circuit).

for bias.'" (quoting *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009))). Any "possible temptation to the average man as a judge . . . not to hold the balance nice, clear, and true between the State and the accused denies the latter due process of law." *Tumey v. Ohio*, 273 U.S. 510, 532 (1927). Mr. Halprin easily meets this standard.

Mr. Halprin has demonstrated an ability to prove that Judge Cunningham harbored anti-Semitic and racial bias for many years. *See* 2d Pet. at 11-18 (describing extensive history of Judge Cunningham's bigotry). The evidence also shows that shortly after Mr. Halprin's trial, and while he was using his role in the Texas Seven case to run for district attorney, Judge Cunningham referred to Mr. Halprin as "that fucking Jew" and a "goddamn kike" and to his Hispanic codefendants as "wetbacks." *See id.* at 12-14; 2d Pet. Exhs. 9 (McKinney Decl.), 17 (Tackett Decl.). People who have known Judge Cunningham since before the trial—including his own mother—long recognized that his bigotry was a weakness. Judge Cunningham himself said he ran for public office in order to save Dallas from "niggers, wetbacks, Jews, and dirty Catholics." 2d Pet. Exh. 17 (Tackett Decl.) ¶ 7.

The violation of a defendant's right to a fair tribunal is a structural constitutional error and so is not subject to harmless error review. *Tumey*, 273 U.S. at 535. A "criminal defendant tried by a biased judge is entitled to have his conviction set aside, no matter how strong the evidence against him." *Buntion v. Quarterman*, 524 F.3d 664, 672 (5th Cir. 2008) (quoting *Edwards v. Balisok*, 520 U.S. 641, 647 (1997)).

The Supreme Court has found arguable merit in far weaker cases of judicial bias. In *Bracy v. Gramley*, 520 U.S. 899 (1997), the Supreme Court held a district court abused its discretion by denying a habeas petitioner discovery on a judicial bias claim even though his

9

"sort of compensatory bias" claim was "quite speculative," "only a theory at this point," and premised on facts that "might be equally likely" to support an inference contrary to the one the petitioner advanced. 520 U.S. at 905, 909. Bracy had no hard evidence that his trial judge was biased against him. *Id.* at 905. Nevertheless, the Supreme Court found Bracy's speculative theory constituted "'specific allegations [to] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . .'" *Id.*, 520 U.S. at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 299 (1969)). Here, Mr. Halprin has evidence of actual bias against him because he is a Jew and against his co-defendants because they were Latino.

### b. The Procedural Law

#### (1) State Law

Under Fifth Circuit law on *Rhines*, a showing of merit refers not only to the constitutional violation asserted, but also to whether the return to state court is not futile. *See Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005) (unexhausted claims are not potentially meritorious when they are procedurally defaulted under state law regarding successive petitions and do not fall within one of the statutory exceptions). Mr. Halprin only needs to show that it is *possible* that he can satisfy Section 5. *See Wilder v. Cockrell*, 274 F.3d 255, 262 (5th Cir. 2001) (Unless it is "entirely clear" that a state court will apply a procedural bar, "the State"—not this Court—"should be allowed to make the procedural, vel non, determination."). He can do so easily.

Texas law permits successive writs challenging the same conviction where the applicant's new "claims and issues have not been and could not have been presented

previously in a timely initial application or in a previously considered application filed under this article or Article 11.07 because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application." Tex. Code. Crim. Proc. art. 11.071, § 5(a)(1). In order "to satisfy Art. 11.071, § 5(a)(1)[,] the factual or legal basis for an applicant's current claims must have been unavailable as to all of his previous applications; and 2) the specific facts alleged, if established, would constitute a constitutional violation that would likely require relief from either the conviction or sentence." *Ex parte Campbell*, 226 S.W.3d 418, 421 (Tex. Crim. App. 2007). The factual basis of a claim is unavailable if "the factual basis was not ascertainable through the exercise of reasonable diligence on or before" the date the application was filed. Tex. Code Crim. Proc. art. 11.071, § (5)(e).

Mr. Halprin can show that the factual basis of his judicial bias claim was not, and could not, have been "previously presented." Mr. Halprin's initial state habeas application was filed on April 6, 2005. Mr. Halprin then filed additional documents in state court, through September 27, 2010, which the TCCA concluded were subsequent writs.[6] The present claim of judicial bias could not have been presented before those dates because Judge Cunningham was presumed to be fair and impartial, *Withrow v. Larkin*, 421 U.S. 35, 47 (1975), and only the revelations about his anti-miscegenation trust fund—which came to light in May 2018—indicated he harbored any form of bias.

---

[6] Three filings were determined to be subsequent writs, and dismissed for failing to satisfy Section 5: WR-77,175-02 (filed Oct. 7, 2005); WR-77,175-03 (filed Sept. 14, 2010); and WR-77,175-04 (filed Sept. 27, 2010). *See Ex parte Halprin*, 2013 WL 1150018, *1 (Tex. Crim. App. Mar. 20, 2013).

The declarations submitted with the Second Petition include evidence that Judge Cunningham concealed his bias. First, under Texas law, his failure to recuse or disqualify himself was an implicit denial of his bias. *See* Tex. Civ. R. 18b(a), (b)(1)-(2) )("[a] judge must recuse" whose "impartiality might reasonably be questioned" and who "has a personal bias or prejudice concerning . . . a party"); *McClenan v. State*, 661 S.W.2d 108, 109 (Tex. Crim. App. 1983) (finding "bias as a ground for [judicial] disqualification [where] bias is shown to be of such a nature and to such an extent as to deny a defendant due process of law."), *overruled in part on other grounds by De Leon v. Aguilar*, 127 S.W.3d 1 (Tex. Crim. App. 2004); *see also* 48B Robert Schuwerk & Lillian Hardwick, *Texas Practice Series: Handbook of Texas Lawyer and Judicial Ethics* § 40:44 ("a judge may err by not recusing *sua sponte*" on a record indicating bias).

Second, Judge Cunningham would behave as though he did not have biased feelings towards people then reveal his bias only to close friends he trusted. *See* 2d Pet. Exh. 17 (Tackett Decl.) at ¶ 10; Exh. 9 (McKinney Decl.) at ¶ 11 ("He is most concerned with appearances, but he thinks he is entitled to having these [bigoted] attitudes and acts on them when it suits him."). People around him denied or dissembled about his bias. *See, e.g.*, 2d Pet. Exh. 17 (Tackett Decl.) ¶ 17 ("Despite all the denials from some members of his family, it's something they have known for a long time. The denials are just part of keeping it quiet."); Exh. 21 (Martin, *White, straight, Christian*) (brother Greg defended Judge Cunningham); Exh. 19 (Samuels Decl.) at ¶¶ 2-3 (Judge Cunningham's daughter initially did not tell boyfriend that father demanded she break up with him because he was Jewish; called father "very opinionated).

## (2) Federal Law

Mr. Halprin acknowledges, as he did in the Second Petition, that there is a question whether this Court has jurisdiction to entertain his underlying claim. 2d Pet. at 43-55. The grounds presented there, which are incorporated herein by this specific reference, are more than sufficient to show Mr. Halprin's argument that his claim is non-successive is not futile. The Fifth Circuit has recognized that where a "purported defect did not arise ... until after the conclusion of the previous petition, the later petition based on that defect may be non-successive." *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009).

It is black-letter law that a "court has jurisdiction to determine its own jurisdiction."[7] It is equally well-established that a district court has the "inherent" power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[8] "'[J]urisdiction is vital only if the court proposes . . . to issue a judgment on the merits.'"[9] There is no mandatory sequence for dealing with jurisdictional questions just so long as the court ensures it acts with jurisdiction by the time it adjudicates the merits.[10] Here, far from asking the court to reach the merits, Mr. Halprin seeks a stay to return to state court so the state court can review the merits. If the state court provides the relief Mr. Halprin seeks, there will be no need for federal-court resolution of the merits. Accordingly,

---

[7] *Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164, 169 (5th Cir. 2009); *Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010); *Cerveceria Cuauhtemoc Moctzuma S.A. de C.V. v. Mont. Bev. Co.*, 330 F.3d 284, 286 (5th Cir. 2003) (calling principle "universally recognized truism").

[8] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[9] *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (quoting *Intec USA, LLC v. Engle*, 467 F.3d 1038, 1041 (7th Cir. 2006)) (alterations in original).

[10] *Id.* (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)).

this Court has the discretion to stay these proceedings, or not[11]—subject to the limitations imposed by *Rhines* and *Pace*, and other habeas authorities.[12]

In addition to the foregoing principles, Mr. Halprin's argument for jurisdiction over the merits turns, in part, on the significance of his claim—for purposes of due process, access to habeas review, and equity—compared with the incompetence-for-execution claims for which the Supreme Court has established an exception to the successor bar in 28 U.S.C. § 2244(b). *See* 2d Pet. at 43-55. "It is firmly established ... that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, i.e., the courts' statutory or constitutional *power* to adjudicate the case."[13] "Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." *Bell v. Hood*, 327 U.S. 678, 682 (1946),*quoted in Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998). This Court has jurisdiction "if 'the right of the petitioner[] to recover under [his] complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another,' *id.*, at 685, unless the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'" *Steel Co.*, 523 U.S. at 89 (quoting *Bell*, 327 U.S. at 682–83). For the reasons stated herein and in Mr. Halprin's Second Petition at 43-55, which are fully

---

[11] *Id.* at 254.
[12] *See generally Lonchar v. Thomas*, 517 U.S. 314, 316 (1996) (holding district court could not dismiss "first federal habeas petition for general 'equitable' reasons beyond those embodied in the relevant statutes, Federal Habeas Corpus Rules, and prior precedents").
[13] *Steel Co.*, 523 U.S. at 89 (emphasis in original).

incorporated herein by this specific reference, Mr. Halprin's claim clearly satisfies these criteria.

### 3.  Not for Purpose of Delay

There is no indication of intentional delay in this case. Mr. Halprin seeks this stay less than a week after filing his Second Petition in this Court. His return to state court is to vindicate a very serious constitutional claim in an available forum. Moreover, as the attached Proposed Order makes clear, Mr. Halprin would do everything in his power to avoid unnecessary delay. He will file in state court within 20 days of the conclusion of any review that comes from his *certiorari* petition, provide this Court with periodic notices on the status of state court proceedings, and would promptly notify this Court of the disposition of state court proceedings so this Court could lift the stay, if necessary, as soon as possible.

The remedy sought here is far more expeditious than the alternative. Proceeding on the Second Petition now will likely have the counterintuitive effect of delaying Mr. Halprin's return to state court. That is because the losing party to this Court's decision—whether to grant the petition, deny it, or dismiss it—would take an appeal from the judgment, which would continue to act as a bar to state court litigation on a subsequent application. *Soffar*, 143 S.W.3d at 807. That appeal—and the bar interposed by the two-forums rule—would extend long after the Supreme Court has concluded review of the initial habeas, and so only postpone the time when Mr. Halprin may finally return to state court.

## IV. REQUEST FOR A HEARING

The issues raised here are unusual and complex. In the event the State disputes the facts or the law set forth here, or this Court finds its decision-making might otherwise benefit

from having the parties clarify or further explain their positions, Mr. Halprin respectfully requests this Court grant his counsel the opportunity to address the Court in person.

## V. CONCLUSION

For the foregoing reasons, and those Mr. Halprin may present in a reply to the State's opposition, or in a hearing, this Court should enter the attached proposed order (1) immediately staying these proceedings; (2) directing Mr. Halprin to file his state habeas application within 20 days of the conclusion of review following his petition for writ of *certiorari*; (3) directing Mr. Halprin to file, within one day of his state-court filing, a notice in this Court that he has applied for relief in state court; (4) directing the Clerk to administratively close this case upon the timely filing of Mr. Halprin's notice; (5) directing Mr. Halprin to file monthly reports on the status of the state court application; (6) directing Mr. Halprin to return to this Court and file any amended petition within 30 days of the state court's disposition of his application.

Respectfully submitted,

PAUL E. MANSUR
Texas Bar No. 796078
P.O. Box 1300
Denver City, Texas 79323
(806) 592-2797 (tel.)
(806) 592-9136 (fax)
paul@paulmansurlaw.com

MAUREEN FRANCO
FEDERAL PUBLIC DEFENDER

 */s/Tivon Schardl*

16

TIVON SCHARDL
CHIEF, CAPITAL HABEAS UNIT
FLORIDA BAR NO. 73016
TIMOTHY GUMKOWSKI
ASSISTANT FEDERAL DEFENDER
TEXAS BAR NO. 24104788
Federal Defender Office
919 Congress, Suite 950
Austin, Texas 78701
737-207-3007 (tel.)
512-499-1584 (fax)

Attorneys for Petitioner

DATED:      May 22, 2019

## CERTIFICATE OF CONFERENCE

On May 17, 2019, undersigned counsel for Petitioner conferred with counsel for Respondent, Assistant Attorney General Jennifer Wren Morris, who authorized Petitioner to state that Respondent Lorie Davis is opposed to the relief sought in this Motion.

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of May, 2019, I electronically filed the foregoing Petitioner's Motion to Stay and Abate Proceedings with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Jenniger Wren Morris
Assistant Attorney General
Office of the Attorney General of Texas Austin, TX 78701

*/s/ Timothy Gumkowski*
Timothy Gumkowski
