**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| RANDY ETHAN HALPRIN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. 3:13-cv-1535 L |
| | § | |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § | CASE INVOLVING THE DEATH PENALTY |
| | § | |
| Respondent. | § | |

# EXHIBITS TO PETITIONER'S NOTICE OF SCHEDULED EXECUTION AND STATE COURT FILINGS

MAUREEN FRANCO
Federal Public Defender
Western District of Texas

TIVON SCHARDL
Chief, Capital Habeas Unit
Florida Bar No. 73016
TIMOTHY GUMKOWSKI
Assistant Federal Defender
Texas Bar No. 24104788
919 Congress Avenue, Suite 950
Austin, Texas 78701
737-207-3007 (tel.)
512-499-1584 (fax)
Tivon_schardl@fd.org
Tim_gumkowski@fd.org

PAUL E. MANSUR
Texas Bar No. 796078
P.O. Box 1300
Denver City, Texas 79323
(806) 592-2797 (tel.)
(806) 592-9136 (fax)
paul@paulmansurlaw.com

Counsel for Randy Ethan Halprin

# EXHIBIT A

F01-00327-T

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 283rd JUDICIAL |
| | § | |
| v. | § | DISTRICT COURT |
| | § | |
| RANDY ETHAN HALPRIN | § | DALLAS COUNTY, TEXAS |

# STATE'S MOTION TO SET EXECUTION DATE

THE STATE OF TEXAS, by and through the Criminal District Attorney of Dallas County, respectfully requests that this Court enter an order setting Thursday, October 10, 2019 as the execution date for Randy Ethan Halprin. In support, the State presents the following:

## Factual History

Halprin is one of the Texas Seven. On December 13, 2000, he escaped from the Texas Department of Criminal Justice Connally Unit along with six other inmates: George Rivas, Larry Harper, Michael Rodriguez, Donald Newbury, Joseph Garcia, and Patrick Murphy. Together they stole firearms and ammunition from the prison and made their way to Irving, Texas, where they planned to commit the robbery of a sporting-goods store on Christmas Eve.

The robbery was planned meticulously. The day before the robbery, Halprin went inside the store to case it. On the day of the robbery, Halprin and three other escapees walked inside pretending to be customers; two escapees entered disguised

as security guards; and one escapee remained outside hidden in a vehicle to monitor police radio frequencies, to act as a lookout, and to keep the others updated via two-way radios. All were armed with stolen firearms.

The escapees inside the store ushered the employees at gunpoint to the break room where the men forced them to kneel, facing the wall. After binding the employees, the escapees stole the employees' personal belongings, more than $70,000 in cash, 44 firearms, ammunition, and other equipment.

A bystander in the parking lot noticed the commotion inside the store and contacted the police. Officer Hawkins was the first to arrive on the scene. The lookout soon radioed Halprin and the other escapees inside to warn them that a police squad car was driving through the parking lot. As the escapees were exiting through the back of the store, Officer Hawkins pulled in behind the escapees' getaway vehicle. And before Officer Hawkins could stop his car or unholster his firearm, the escapees opened fire on him. Officer Hawkins suffered 11 gunshot wounds fired by at least five different guns. The escapees then pulled Officer Hawkins from his patrol vehicle, left him on the pavement, and stole his firearm. Fleeing the scene, the escapees backed their getaway vehicle over Officer Hawkins and dragged him several feet. They again escaped before other officers arrived.

The escapees then rendezvoused and fled to Colorado. This offense and others led law enforcement to launch a nationwide manhunt for Halprin and his fellow

escapees. Posing as traveling missionaries, they traveled together to a motel and RV park in Woodland Park, Colorado, where they eventually drew suspicion. Law enforcement apprehended Halprin at the RV park, and arrested Rivas, Garcia, Rodriguez, Newbury, and Murphy at nearby locations. Harper committed suicide to avoid capture.

Shortly after, Halprin confessed to the robbery.

## Procedural History

Halprin was indicted for the capital murder of Officer Hawkins, and a jury found him guilty as charged in the indictment. On June 12, 2003, in accordance with the jury's answers to the special issues, this Court sentenced Halprin to death.

Halprin appealed, and on June 29, 2005, the Court of Criminal Appeals affirmed this Court's judgment and sentence of death. *Halprin v. State*, 170 S.W.3d 111, 113 (Tex. Crim. App. 2005).

While Halprin's direct appeal was pending, he filed an application for writ of habeas corpus in this Court. This Court entered findings of fact and conclusions of law and recommended that habeas relief be denied. The Court of Criminal Appeals adopted this Court's findings and conclusions (with some limited exceptions) and denied habeas relief on March 20, 2013. *Ex parte Halprin*, WR-77,175-01, 2013 WL 1150018, at *1 (Tex. Crim. App. Mar. 20, 2013) (not designated for publication).

Halprin then filed a petition for writ of habeas corpus in the U.S. District Court for the Northern District of Texas, which denied relief on September 27, 2017. *Halprin v. Davis*, Civ. A. No. 3:13-CV-1535-L, 2017 WL 4286042, at *1 (N.D. Tex. Sept. 27, 2017). The Fifth Circuit Court of Appeals affirmed and denied a certificate of appealability on December 17, 2018. *Halprin v. Davis*, 911 F.3d 247, 252 (5th Cir. 2018). To date, Halprin has not filed a petition for writ of certiorari from that decision.

In the interim, however, Halprin filed a second petition for writ of habeas corpus in the U.S. District Court for the Northern District of Texas, and later still, Halprin filed a motion to stay and abate the proceedings related to his second federal petition.

## Request

The State respectfully requests that this Court issue an order setting Halprin for execution on Thursday, October 10, 2019. *See generally* Tex. Code Crim. Proc. art. 43.141. Under Texas law, Murphy's execution may not be set earlier than 91 days after the date this Court enters the order setting the execution date. *See id.* art. 43.141(c). As of the date the State makes this request, the proposed execution date is 127 days away. This proposed execution date, then, accommodates the 91-day rule and allows Murphy a reasonable amount of time to investigate or litigate potential claims.

The State has informed Murphy's counsel, Timothy Gumkowski, of this potential execution date, and Mr. Gumkowski has expressed no scheduling conflicts specific to the date.

## Conclusion

The State respectfully requests that this Court issue an order setting Halprin for execution on Thursday, October 10, 2019.

Respectfully submitted,

BRIAN P. HIGGINBOTHAM
Assistant Criminal District Attorney
State Bar No. 24078665
Frank Crowley Courts Building
133 N. Riverfront Boulevard, LB-19
Dallas, Texas 75207-4399
(214) 653-3625 | (214) 653-3643 fax
brian.higginbotham@dallascounty.org

JOHN CREUZOT
Criminal District Attorney
Dallas County, Texas

## Certificate of Service

I certify that a true copy of this document was served on Timothy Gumkowski as counsel for Randy Ethan Halprin. Service was made via electronic service to tim_gumkowski@fd.org on June 5, 2019.

Brian P. Higginbotham

# EXHIBIT B

FILED
6/6/2019 3:20 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
LJ DEPUTY

IN THE 283RD JUDICIAL DISTRICT COURT
DALLAS COUNTY, TEXAS

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | |
| | § | |
| v. | § | CAUSE NO. F01-00327-T |
| | § | |
| RANDY ETHAN HALPRIN | § | |
| | § | |

**OPPOSITION TO STATE'S MOTION TO SET EXECUTION DATE AND REQUEST FOR HEARING ON THE MATTER**

COMES NOW Randy Ethan Halprin, by and through his undersigned counsel, and opposes the State's Motion to Set Execution Date, and requests a hearing on the Motion.

The State's Motion is riddled with misrepresentations, glaring errors, and unquestionable falsehoods. Accordingly, and for the reasons set forth below, Mr. Halprin opposes the State's Motion and requests that the matter be set for a hearing.

## I. The State is Intentionally Concealing Material Facts from this Court

### A. Concealed Evidence of Religious and Ethnic Bias

The State's Motion asserts that Mr. Halprin's federal habeas counsel "expressed no scheduling conflicts specific to the date." Mot. 5. That is false. Mr. Halprin's counsel advised the State, "our research indicates there will be a conflict with the October 10, 2019, date you propose." Ex. A at 1. Mr. Halprin's counsel provided a detailed explanation for the conflict: a pending, timely-filed federal habeas petition containing newly discovered evidence that **trial judge Vickers Cunningham called Halprin a "goddamn kike" and "f* * *g Jew," and referred to his Latino co-defendants as "wetbacks."** Ex. B (Federal Habeas Petition) at 1, 11-16. Judge

Cunningham's bias violated Mr. Halprin's right to due process and equal protection of the law and invalidates the judgment entered against him in this Court. *See* Ex. B at 21-37 (citing, *inter alia*, *Tumey v. Ohio*, 273 U.S. 510, 535 (1927) ("No matter what the evidence was against him, he had the right to have an impartial judge")).

**B. Concealed Evidence that the State is Manipulating the Judicial Process for Strategic Reasons**

On May 23, 2019, Mr. Halprin's federal counsel sent the District Attorney a filing that set forth in detail why, due to the Court of Criminal Appeals' two-forums rule, Mr. Halprin cannot get his judicial bias claim heard in state court until the federal proceedings are over or in abeyance, and, therefore, there is a conflict with the October 10 date. *See* Ex. C (email); Ex. D (Mot. Stay) at 3-5. The State's misleading arguments to this Court, and its strategic omission of material facts, point to a goal of creating a high-pressure litigation environment that will give the State a strategic advantage in opposing Mr. Halprin's judicial bias claim.

The State implies that Mr. Halprin is engaged in delay because he "later still" filed a motion to stay the federal proceedings. Mot. 4. That is misleading for at least three reasons. First, due to the federal statute of limitations, 28 U.S.C. § 2244(d)(1), and the two-forums rule, Mr. Halprin was forced to file his judicial bias claim in federal court first. *See* Ex. B. at 2-3; *id.* at 38-43; Ex. D at 2-3; *id.* at 7-8; *id.* at 10-12. Second, due to the two-forums rule, the CCA will only consider the same claim *after* the U.S. district court proceedings are stayed, *at the earliest. Id.* That is, stay/abeyance in federal court is necessary to *expedite* the CCA's review of Mr. Halprin's application to file a successive state habeas petition under art. 11.071,

§ 5 of the Texas Code of Criminal Procedure. Third, on May 17, 2019, the District Attorney advised Mr. Halprin's counsel that he chose the October 10 date "[a]fter consulting with the A[ttorney] G[eneral]'s office." Ex. A at 1 (email dated May 17, 2019). On the same day the State was in this Court accusing Mr. Halprin of one week of delay, the State was planning to ask the federal court for a *two-week* delay in responding to the stay/abeyance motion. Ex. E (email from State Attorney General dated June 5, 2019); Ex. F (State Motion Extension of Time).[1]

The State also misleads this Court with a half-truth when it asserts that, "[t]o date, Halprin has not filed a petition for writ of certiorari." Mot. at 4. The State withheld from this Court two facts that contradict the implication the State was going for. First, the State withheld that by order of Justice Samuel Alito, Mr. Halprin's petition for a writ of *certiorari* is not due until June 12, 2019. Ex. G. Second, the State withheld from this Court that the *State itself agreed* to that due date. Ex. H at 2, ¶ 8.

**II. The Real Situation**

On May 18, 2018, the *Dallas Morning News* published an article that exposed Mr. Halprin's trial judge—former District Judge Vickers Cunningham—as a racist who referred to criminal cases in this Court that involved African Americans as "T.N.D.s" which stood for "typical [n-word] deals." *See* Ex. B at 17. Although Mr. Halprin is white, his counsel investigated whether Judge Cunningham might have been biased against him because he is Jewish, a fact well-known to Cunningham. *See id.* at 41-43. Through a diligent investigation

---

[1] Just as the District Attorney concealed facts from this Court, the Attorney General concealed from the federal court that Mr. Halprin intended to file an opposition to the State's delay motion. *Compare* Ex. E *with* Ex. F at 3.

Mr. Halprin was able to locate witnesses who stated in writing and under penalty of perjury that Judge Cunningham used anti-Semitic slurs and specifically referred to Mr. Halprin as the "goddamn kike" and "the f***n' Jew" among the Texas 7. *See* Ex. B *generally*. These witnesses also are prepared to testify that Judge Cunningham was biased against the Latino members of the Texas 7 and he called them "wetbacks." *Id.* This is the evidence the State is seeking to frustrate consideration of by moving for an execution date under false pretenses.

On May 6, 2019, Dallas County Assistant District Attorney Brian Higginbotham contacted Mr. Halprin's counsel, Timothy Gumkowski, via email indicting that his office "was looking at scheduling [Mr. Halprin]'s execution for August 27, 28, or 29 of this year." Ex. I (email dated May 6, 2019). In response to Mr. Higginbotham's email, on May 7, 2019, Tivon Schardl, another of Mr. Halprin's counsel, contacted Dallas County District Attorney John Creuzot directly to discuss the Assistant District Attorney's email. Mr. Schardl advised the District Attorney that Mr. Halprin would be filing a petition for writ of certiorari with the Supreme Court, and that, due the Supreme Court summer recess schedule, that petition would not be ruled on before the first Monday in October. Mr. Schardl also advised the District Attorney that before May 18, 2019, in compliance with the federal statute of limitations, Mr. Halprin would be filing his judicial bias claim in federal court.

The District Attorney instructed Mr. Schardl to email his assistant for the purpose of scheduling a meeting to discuss the case. *See* Ex. A at 2. Mr. Schardl did as instructed. But, on May 17, 2019, the District Attorney withdrew the offered meeting. Mr. Higginbotham emailed Mr. Gumkowski and indicated that "[a]fter consulting with the AG's office and the Hawkins family, our Office intends to file a motion to set Mr. Halprin's execution for

*Thursday, October 10, 2019.*" Ex. A at 1 (emphasis in original). Mr. Higginbotham stated, "Please advise if you have a scheduling conflict with this date." *Id.*

Mr. Gumkowski responded on May 20, 2019, stating that "there will be a conflict with the date you propose." Ex. A at 1 (email dated May 20, 2019). Mr. Gumkowski explained that the earliest that the Court of Criminal Appeals ("CCA") would entertain Mr. Halprin's successor habeas application would be after the federal courts resolve the initial federal habeas proceedings. *Id.* Mr. Gumkowski also informed Mr. Higginbotham that Mr. Halprin would be asking the federal district court to stay the proceedings "so they will not interfere with either the certiorari petition or the [state successor] application." *Id.*

Mr. Gumkowski attached to the email copies of Mr. Halprin's second-in-time federal petition raising the judicial bias claim, and the supporting exhibits. *Id.* Mr. Gumkowski also stated, "Mr. Halprin requests a hearing on the setting of that date so he can show the trial court the petition and so that he can address the unique and complex procedural issues that the statutes and case law create." *Id.*

Three days later, on May 23, 2019, Mr. Gumkowski notified Mr. Higginbotham via email that Mr. Halprin had filed his motion to stay the federal proceedings on May 22, 2019. Ex. C (email dated May 23, 2019). Attached to the email was a copy of the motion appended hereto as Ex. D.[2]

On June 5, 2019, Mr. Gumkowski received electronic notice of the filing of the State's Motion to Set Execution date.

---

[2] The Stay motion indicated that Mr. Halprin's petition for writ of certiorari was due on June12, 2019.

The State's motion disrespects this Court by providing it half-truths and blatant falsehoods in an effort to conceal and short-circuit consideration of Mr. Halprin's judicial bias claim.

The State's lack of regard for this Court, professional standards, due process, and common decency is vividly illustrated by the three times in four sentences that the State identifies the relevant defendant as Patrick Murphy. Mot. at 4-5.

**III. Request for a Hearing**

The Supreme Court has held that "if the Constitution renders the fact or timing of [an inmate's] execution contingent upon establishment of a further fact, then that fact must be determined with the high regard for truth that befits a decision affecting the life or death of a human being." *Ford v. Wainwright*, 477 U.S. 399, 411 (1986). Here, before Mr. Halprin could be executed, the courts must consider (a) whether his initial habeas proceedings should continue, (b) whether there is a process available for consideration of his judicial bias claim, and (c) whether the judgment is valid given that it was entered by a judge who considered Mr. Halprin a "kike" and "f***ing Jew." The State has demonstrated a total disregard for truth and the sanctity of human life. It has concealed from this Court the evidence of racial, ethnic, and religious bias that motivated trial judge Vickers Cunningham. The State has concealed and misrepresented the facts related to the procedural posture, including its own involvement in creating those circumstances. Accordingly, it would be a violation of due process for this Court to set an execution date based on the State's motion without, at a minimum, holding a hearing.

## IV. Conclusion

FOR THESE REASONS, Mr. Halprin opposes the State's Motion to Set Execution Date, and requests a hearing on the Motion.

DATED: June 6, 2019

Respectfully submitted,

*/s/ Paul E. Mansur*

PAUL E. MANSUR
Texas Bar No. 796078
P.O. Box 1300
Denver City, Texas 79323
(806) 592-2797 (tel.)
(806) 592-9136 (fax)
paul@paulmansurlaw.com

Attorney for Mr. Halprin

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of June, 2019, I served a true copy of this opposition on Assistant District Attorney Brian Higginbotham. Service was made via electronic service to Brian.Higginbotham@dallascounty.org.

*/s/ Paul E. Mansur*
Paul E. Mansur

# Exhibit C

FILED
6/6/2019 3:55 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
LJ DEPUTY

F01-00327-T

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 283rd JUDICIAL |
| | § | |
| v. | § | DISTRICT COURT |
| | § | |
| RANDY ETHAN HALPRIN | § | DALLAS COUNTY, TEXAS |

# STATE'S AMENDED MOTION TO SET EXECUTION DATE

THE STATE OF TEXAS, by and through the Criminal District Attorney of Dallas County, respectfully requests that this Court enter an order setting Thursday, October 10, 2019 as the execution date for Randy Ethan Halprin. The State submits this motion to amend and replace the "State's Motion to Set Execution Date," which was filed on June 5, 2019.

In support, the State presents the following:

## Factual History

Halprin is one of the Texas Seven. On December 13, 2000, he escaped from the Texas Department of Criminal Justice Connally Unit along with six other inmates: George Rivas, Larry Harper, Michael Rodriguez, Donald Newbury, Joseph Garcia, and Patrick Murphy. Together they stole firearms and ammunition from the prison and made their way to Irving, Texas, where they planned to commit the robbery of a sporting-goods store on Christmas Eve.

The robbery was planned meticulously. The day before the robbery, Halprin went inside the store to case it. On the day of the robbery, Halprin and three other escapees walked inside pretending to be customers; two escapees entered disguised as security guards; and one escapee remained outside hidden in a vehicle to monitor police radio frequencies, to act as a lookout, and to keep the others updated via two-way radios. All were armed with stolen firearms.

The escapees inside the store ushered the employees at gunpoint to the break room where the men forced them to kneel, facing the wall. After binding the employees, the escapees stole the employees' personal belongings, more than $70,000 in cash, 44 firearms, ammunition, and other equipment.

A bystander in the parking lot noticed the commotion inside the store and contacted the police. Officer Hawkins was the first to arrive on the scene. The lookout soon radioed Halprin and the other escapees inside to warn them that a police squad car was driving through the parking lot. As the escapees were exiting through the back of the store, Officer Hawkins pulled in behind the escapees' getaway vehicle. And before Officer Hawkins could stop his car or unholster his firearm, the escapees opened fire on him. Officer Hawkins suffered 11 gunshot wounds fired by at least five different guns. The escapees then pulled Officer Hawkins from his patrol vehicle, left him on the pavement, and stole his firearm. Fleeing the scene, the

escapees backed their getaway vehicle over Officer Hawkins and dragged him several feet. They again escaped before other officers arrived.

The escapees then rendezvoused and fled to Colorado. This offense and others led law enforcement to launch a nationwide manhunt for Halprin and his fellow escapees. Posing as traveling missionaries, they traveled together to a motel and RV park in Woodland Park, Colorado, where they eventually drew suspicion. Law enforcement apprehended Halprin at the RV park, and arrested Rivas, Garcia, Rodriguez, Newbury, and Murphy at nearby locations. Harper committed suicide to avoid capture.

Shortly after, Halprin confessed to the robbery.

## Procedural History

Halprin was indicted for the capital murder of Officer Hawkins, and a jury found him guilty as charged in the indictment. On June 12, 2003, in accordance with the jury's answers to the special issues, this Court sentenced Halprin to death.

Halprin appealed, and on June 29, 2005, the Court of Criminal Appeals affirmed this Court's judgment and sentence of death. *Halprin v. State*, 170 S.W.3d 111, 113 (Tex. Crim. App. 2005).

While Halprin's direct appeal was pending, he filed an application for writ of habeas corpus in this Court. This Court entered findings of fact and conclusions of law and recommended that habeas relief be denied. The Court of Criminal Appeals

adopted this Court's findings and conclusions (with some limited exceptions) and denied habeas relief on March 20, 2013. *Ex parte Halprin*, WR-77,175-01, 2013 WL 1150018, at *1 (Tex. Crim. App. Mar. 20, 2013) (not designated for publication).

Halprin then filed a petition for writ of habeas corpus in the U.S. District Court for the Northern District of Texas, which denied relief on September 27, 2017. *Halprin v. Davis*, Civ. A. No. 3:13-CV-1535-L, 2017 WL 4286042, at *1 (N.D. Tex. Sept. 27, 2017). The Fifth Circuit Court of Appeals affirmed and denied a certificate of appealability on December 17, 2018. *Halprin v. Davis*, 911 F.3d 247, 252 (5th Cir. 2018). To date, Halprin has not filed a petition for writ of certiorari from that decision.

In the interim, however, Halprin filed a second petition for writ of habeas corpus in the U.S. District Court for the Northern District of Texas, and later still, Halprin filed a motion to stay and abate the proceedings related to his second federal petition.

**Request**

The State respectfully requests that this Court issue an order setting Halprin for execution on Thursday, October 10, 2019. *See generally* Tex. Code Crim. Proc. art. 43.141. Under Texas law, Halprin's execution may not be set earlier than 91 days after the date this Court enters the order setting the execution date. *See id.* art. 43.141(c). As of the date the State makes this request, the proposed execution date

is 126 days away. This proposed execution date, then, accommodates the 91-day rule and allows Halprin a reasonable amount of time to investigate or litigate potential claims.

In a prior filing, the State indicated that "the State has informed Halprin's counsel, Timothy Gumkowski, of this potential execution date, and Mr. Gumkowski has expressed no scheduling conflicts specific to the date." However, in opposition to the State's original motion, Halprin attached an email that he sent to the undersigned counsel. That email was possibly deleted or misfiled in error, because it appears nowhere in the undersigned counsel's email inbox. As a result, the undersigned counsel retracts the statement quoted above. Nevertheless, there being no stays in effect, there is no legal reason why the Court of Criminal Appeals's mandate should not be observed.

## Conclusion

The State respectfully requests that this Court issue an order setting Halprin for execution on Thursday, October 10, 2019.

Respectfully submitted,

*Brian P. Higginbotham*

JOHN CREUZOT
Criminal District Attorney
Dallas County, Texas

BRIAN P. HIGGINBOTHAM
Assistant Criminal District Attorney
State Bar No. 24078665
Frank Crowley Courts Building
133 N. Riverfront Boulevard, LB-19
Dallas, Texas 75207-4399
(214) 653-3625 | (214) 653-3643 fax
brian.higginbotham@dallascounty.org

## Certificate of Service

I certify that a true copy of this document was served on Tivon Schardl (tivon_schardl@fd.org), Timothy Gumkowski (tim_gumkowski@fd.org), and Paul Mansur (paul@paulmansurlaw.com) as counsel for Randy Ethan Halprin. Service was made via electronic service to on June 6, 2019.

*Brian P. Higginbotham*

Brian P. Higginbotham

# EXHIBIT D

FILED
6/10/2019 3:33 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
DO DEPUTY

IN THE 283RD JUDICIAL DISTRICT COURT
DALLAS COUNTY, TEXAS

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | |
| | § | |
| v. | § | CAUSE NO. F01-00327-T |
| | § | |
| | § | |
| RANDY ETHAN HALPRIN | § | |

**OPPOSITION TO STATE'S AMENDED MOTION TO SET EXECUTION DATE AND REQUEST FOR HEARING ON THE MATTER**

COMES NOW Randy Ethan Halprin, by and through his undersigned counsel, and opposes the State's Amended Motion to Set Execution Date and requests a hearing on the Motion. Mr. Halprin renews and incorporates by this specific reference all previously raised grounds for opposing the State's original motion to set an execution date. In support, Mr. Halprin would show the following:

In its Amended Motion the State concedes that it misrepresented the facts regarding the *only* question the prosecutor asked of opposing counsel before filing the Motion, *viz.* whether the proposed date created a scheduling conflict. Amended Mot. at 5. However, the State's explanation for its false assertion does not fully explain the State's misrepresentation. Nor does it ameliorate the pressing need to set this matter for a hearing before this Court.

The State glosses over the fact that there is pending litigation in federal court and that setting an execution date, as proposed in the State's motion, would create a conflict and frustrate that litigation. The State asserts that the proposed execution date of October 10,

2019, "accommodates the 91-day rule and allows Halprin a reasonable amount of time to investigate and litigate potential claims." Amended Mot. at 5. The State then reasons that because "there [are] no stays in effect, there is no legal reason why the Court of Criminal Appeals's [*sic*] mandate should not be observed." *Id.* Both claims are misleading.

Mr. Halprin has requested that the federal district court stay and hold in abeyance the proceedings on his judicial bias petition, which as explained in his initial opposition to the State's motion to set an execution date is both necessary to satisfy the statute of limitations in federal court and is effectively, therefore, a precondition to proceeding with these claims in state court. That motion is pending in the federal forum, and the State is preparing its opposition. Notably, it is *the State that is seeking to delay* the federal court's consideration of that motion, Ex. F, even though granting that motion will *expedite* Mr. Halprin presenting his judicial bias claim in state court. As set forth in Mr. Halprin's opposition to the State's delay motion in federal court, Exhibit J hereto, the evidence from the State's filings—including the State's admissions and strategic omissions about its plans—demonstrates that the State is misrepresenting to this Court that the execution date would provide "a reasonable amount of time to investigate or litigate potential claims." Amended Mot. at 5. Rather, the State is intentionally trying to make the time constraints unreasonable so that the Court of Criminal Appeals will be forced to consider the judicial bias claim under the pressure of an imminent execution date.

As Chief Justice Roberts wrote in *Buck v. Davis*, 137 S. Ct. 778 (2017), when racial or ethnic bias plays even a small part in a criminal case, there is "a disturbing departure from a basic premise of our criminal justice system: Our law punishes people for what they do,

not who they are." *Buck*, 137 S. Ct. at 778. It is even more disturbing when the State seeks an execution date for the purpose of forcing courts to depart from the usual course of deliberation and rush to judgment over a matter as important as whether a racist, bigoted judge presided over a capital trial.

FOR THESE REASONS, Mr. Halprin urges this Court to deny the State's Amended Motion to Set Execution Date and renews his request for a hearing on the Motion.

DATED: June 10, 2019

Respectfully submitted,

*/s/ Paul E. Mansur*

PAUL E. MANSUR
Texas Bar No. 796078
P.O. Box 1300
Denver City, Texas 79323
(806) 592-2797 (tel.)
(806) 592-9136 (fax)
paul@paulmansurlaw.com

Attorney for Mr. Halprin

CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of June, 2019, I served a true copy of this opposition on Assistant District Attorney Brian Higginbotham. Service was made via electronic service to Brian.Higginbotham@dallascounty.org.

*/s/ Paul E. Mansur*
Paul E. Mansur

# EXHIBIT E

**CAUSE NO. F01-00327-T**

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **IN THE 283RD JUDICIAL** |
| | § | |
| **VS.** | § | **DISTRICT COURT** |
| | § | |
| **RANDY ETHAN HALPRIN** | § | **DALLAS COUNTY, TEXAS** |

**ORDER SETTING EXECUTION DATE**

The Court, having reviewed the State's Amended Motion to Set an Execution Date, finds that no hearing is necessary, and finds that the motion should be granted; and whereas

The Defendant, Randy Ethan Halprin, was previously sentenced to death by the Court in the presence of his attorneys; and

There being no stays of execution in effect in this case, it is the duty of this Court to set an execution date in the above numbered and styled cause, and the Court now enters the following **ORDER:**

**IT IS HEREBY ORDERED** that the Defendant, Randy Ethan Halprin, who has been adjudged to be guilty of capital murder as charged in the indictment and whose punishment has been assessed by the verdict of the jury and judgment of the Court at Death, shall be kept in custody by the Director of the Texas Department of Criminal Justice, Institutional Division, until the **10th day of October, 2019**, upon which day, at the Texas Department of Criminal Justice, Institutional Division, at some time after the hour of six o'clock p.m., in a room arranged for the purpose of execution, the said Director, acting by and through the executioner designated by said Director, as provided by law, is hereby commanded, ordered and directed to carry out this sentence of death by intravenous injection of a substance or substances in a lethal

quantity sufficient to cause the death of the said Randy Ethan Halprin until the said Randy Ethan Halprin is dead. Such procedure shall be determined and supervised by the said Director of the Texas Department of Criminal Justice, Institutional Division.

Within 10 days of the signing of this Order, the Clerk of this Court shall issue and deliver to the Sheriff of Dallas County, Texas, a Warrant of Execution in accordance with this Order, directed to the Director of the Texas Department of Criminal Justice, Institutional Division, at Huntsville, Texas, commanding him, the said Director, to put into execution the Judgment of Death against the said Randy Ethan Halprin.

The Sheriff of Dallas County, Texas is hereby ordered, upon receipt of said Warrant of Execution, to deliver said Warrant to the Director of the Department of Criminal Justice, Institutional Division, Huntsville, Texas.

The Clerk of this Court is ordered to forward a copy of this Order to Defendant's counsel, Tim Gumkowski, Tim_Gumkowski@fd.org, Paul Mansur, paul@Paulmansurlaw.com, and Tivon Schardl, Tivon_Schardl@fd.org, to counsel the State, Shelly Yeatts, Shelly.Yeatts@dallascounty.org, and Anna Kubalak, Anna.Kubalak@dallascounty.org, and to the Director of the Office of Capital and Forensic Writs, Benjamin Wolff, Benjamin.Wolff@ocfw.texas.gov.

**SIGNED** this 3rd day of July, 2019.

Lela Lawrence Mays

**JUDGE LELA LAWRENCE MAYS**
**282RD JUDICIAL DISTRICT COURT**
**DALLAS COUNTY, TEXAS**

# EXHIBIT F

**THE STATE OF TEXAS §**
**§**
**COUNTY OF DALLAS §**

## WARRANT OF EXECUTION

**TO THE HONORABLE DIRECTOR OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, HUNTSVILLE, TEXAS -- GREETINGS:**

**WHEREAS,** there was presented into Court an indictment charging Randy Ethan Halprin with the offense of capital murder; and

**WHEREAS,** in the 283rd Judicial District Court of Dallas County, Texas, Randy Ethan Halprin was duly and legally convicted by a jury of the crime of capital murder upon said indictment and sentenced to death; and the Court having pronounced sentence in the presence of the defendant and his attorneys, as fully appears in the Judgment of said Court entered upon the Minutes of the said Court, as follows, to-wit;

**JUDGMENT ATTACHED**

# CAUSE NUMBER F01-00327-T

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **IN THE 283RD JUDICIAL** |
| | § | |
| **VS.** | § | **DISTRICT COURT OF** |
| | § | |
| **RANDY ETHAN HALPRIN** | § | **DALLAS COUNTY, TEXAS** |

## JUDGMENT ON PLEA OF NOT GUILTY BEFORE JURY
## PUNISHMENT BY JURY - NO COMMUNITY SUPERVISION

JANUARY **TERM, 2003**

**JUDGE PRESIDING:** Vickers L. Cunningham, Sr. **DATE OF JUDGMENT:** 12 June, 2003

**ATTORNEY FOR STATE:** Toby Shook **ATTORNEY FOR DEFENDANT:** George Ashford, III

**OFFENSE CONVICTED OF:** Capital Murder

**DEGREE:** A Capital Felony **COMMITTED ON:** 24 December, 2000

**CHARGING INSTRUMENT:** Indictment **PLEA:** NOT GUILTY

**VERDICT:** GUILTY AS CHARGED **FOREMAN:** Larry P. French

**DEADLY WEAPON FINDING:** The jury finds that Defendant herein used or exhibited a deadly weapon during the commission of said offense, to wit: a firearm

**PUNISHMENT ASSESSED BY:** Jury - see special issues attached hereto and incorporated by reference

**DATE SENTENCE IMPOSED:** 12 June, 2003 **COSTS:** YES

**PUNISHMENT AND PLACE OF CONFINEMENT:** Death by lethal injection; confinement in the Institutional Division of the Texas Department of Criminal Justice until execution

**DATE TO COMMENCE EXECUTION:** To be determined at a later date

**CREDIT FOR TIME SERVED:** 22 January, 2001 – 12 June, 2003

On this day set forth above, the above styled and numbered cause came to trial. The state of Texas and defendant appeared by and through the above-named attorneys and announced ready for trial. Defendant appeared in person in open court. Defendant in open court was duly arraigned, and entered the above shown plea. The defendant was admonished by the court of the consequences of the said plea and defendant persisted in entering said plea, and it plainly appearing to the court that defendant is mentally competent and said plea is free and voluntary, the said plea was accepted by the court and is now entered of record as the plea herein of defendant. Thereupon a jury was duly selected, impaneled and sworn, who having heard the indictment presented and defendant's plea thereto, and having heard the evidence submitted, and, having been duly charged by the court as to their duty to determine the guilt or innocence of the defendant, and after having heard the arguments of counsel retired in charge of the proper officer to consider their verdict. Afterward the jury was brought into open court by the proper officer, defendant and his counsel being present, and in due form of law returned into open court the above shown verdict which was received and accepted by the court, and is here and now entered upon the minutes of the court.

Thereupon, the defendant having previously elected to have punishment assessed by the jury, the jury heard evidence related to the question of punishment. Thereafter, the jury retired to consider such question, and, after having deliberated, the jury was brought back into open court by the proper officer, the defendant, defendant's attorney, and the State's attorney being present, and being asked if the jury had agreed upon a verdict, the jury answered it had, and returned to the Court their verdict as shown above. Said verdict was read aloud, received by the Court, and is now entered upon the minutes of the Court.

When it is shown above the defendant is guilty of the offense set forth above, it is considered by the court that said defendant is adjudged to be guilty of the offense set forth above and that defendant committed the offense on the date set forth above as charged in the indictment and that said defendant be punished as has been determined by the jury, said punishment being determined by the jury's answers to the Special Issues submitted to them, and that the defendant be confined in the place of confinement shown above until such time as the sentence of death can be carried out. It is ordered that the State of Texas have and recover of the said defendant all costs in this prosecution expended for which let execution issue. The Court further makes its finding as to deadly weapon as set forth above based upon the jury's verdict.

When it is shown above that restitution has been ordered but the court determines that the inclusion of the victim's name and address in the judgment is not in the best interest of the victim the person or agency whose name and address is set out in this judgment will accept and forward the restitution payments to the victim.

And when it is shown below that payment of the costs of legal services provided to the defendant in this cause has been ordered, the court finds that the defendant has the financial resources to enable the defendant to offset said costs in the amount ordered.

Thereupon the said defendant was asked by the court whether he had anything to say why said sentence should not be pronounced against him and he answered nothing in bar thereof, and it appearing to the court that the defendant is mentally competent and understanding of the proceedings, the Court proceeded to pronounce sentence upon said defendant.

It is therefore, considered and ordered by the court in the presence of defendant and his attorney, that said judgment as set forth above is hereby in all things approved and confirmed, and that defendant, who has been adjudged guilty of the above named offense, as shown above, and whose punishment has been assessed as shown above, be punished in accordance with the punishment set forth above and that defendant shall be delivered by the sheriff to the director of the Institutional Division of the Texas Department of Criminal Justice, or other person legally authorized to receive such convicts for the punishment assessed herein and said defendant shall be confined until such time as the sentence of death can be carried out in accordance with the provisions of law governing such punishments. It is further ordered that the defendant pay the court costs, costs and expenses of legal services provided by the court appointed attorney in this cause, if any, and restitution or reparation, as set forth herein, for which let execution issue.

Defendant is hereby ordered remanded to jail until said sheriff can obey the directions of this judgment.

Following the disposition of this cause the defendant's fingerprint was in open court, placed upon a certificate of fingerprint. Said certificate is attached hereto and is incorporated by reference as a part of this judgment.

Defendant excepts and gives notice of appeal.

Court costs in the amount of $242.25

Signed and entered this Thursday, 12 June, 2003.

VICKERS L. CUNNINGHAM, SR., JUDGE
283RD JUDICIAL DISTRICT COURT
DALLAS COUNTY, TEXAS

**AND WHEREAS,** on the 21st day of September, 2005, in trial court No. F01-00327-T, Court of Criminal Appeals No. AP-74,721, the Texas Court of Criminal Appeals issued a mandate affirming the Judgment in *Randy Halprin vs. The State of Texas* as follows, to-wit:

**MANDATE ATTACHED**



498/34

# TEXAS COURT OF CRIMINAL APPEALS
**Austin, Texas**

FILED
OCT 18 2005
JIM HAMLIN
DIST. CLERK, DALLAS CO., TEXAS
DEPUTY

## M A N D A T E

**THE STATE OF TEXAS,**

**TO THE 283rd JUDICIAL DISTRICT COURT OF DALLAS COUNTY — GREETINGS:**

Before our **COURT OF CRIMINAL APPEALS**, on the 29th day of JUNE, A.D. 2005, the cause upon appeal to revise or reverse your Judgment between:

**RANDY EATHAN HALPRIN**

**VS.**

**THE STATE OF TEXAS**

**CCRA NO. AP-74,721**

**TRIAL COURT NO. F01-00327-T**

was determined; and therein our said **COURT OF CRIMINAL APPEALS** made its order in these words:

"This cause came on to be heard on the record of the Court below, and the same being considered, because it is the Opinion of this Court that there was no error in the judgment, it is **ORDERED, ADJUDGED AND DECREED** by the Court that the judgment be **AFFIRMED**, in accordance with the Opinion of this Court, and that this Decision be certified below for observance."

Appellant's motion for rehearing is DENIED.

**WHEREFORE**, We command you to observe the Order of our said **COURT OF CRIMINAL APPEALS** in this behalf and in all things have it duly recognized, obeyed and executed.

WITNESS, **THE HONORABLE SHARON KELLER,**
Presiding Judge of our said **COURT OF CRIMINAL APPEALS,**
with the Seal thereof annexed, at the City of Austin,
this 21st day of SEPTEMBER, A.D. 2005.

**TROY C. BENNETT, JR.**, Clerk

_______________________, Chief Deputy Clerk
Abel Acosta

**AND WHEREAS,** the 283rd Judicial District Court of Dallas County, Texas on the 3rd day of July, 2019, did enter an Order Setting Execution Date as set forth in the Minutes of said Court, as follows, to-wit:

**ORDER SETTING EXECUTION DATE**

**ATTACHED**

**CAUSE NO. F01-00327-T**

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **IN THE 283RD JUDICIAL** |
| | § | |
| **VS.** | § | **DISTRICT COURT** |
| | § | |
| **RANDY ETHAN HALPRIN** | § | **DALLAS COUNTY, TEXAS** |

**ORDER SETTING EXECUTION DATE**

The Court, having reviewed the State's Amended Motion to Set an Execution Date, finds that no hearing is necessary, and finds that the motion should be granted; and whereas

The Defendant, Randy Ethan Halprin, was previously sentenced to death by the Court in the presence of his attorneys; and

There being no stays of execution in effect in this case, it is the duty of this Court to set an execution date in the above numbered and styled cause, and the Court now enters the following **ORDER:**

**IT IS HEREBY ORDERED** that the Defendant, Randy Ethan Halprin, who has been adjudged to be guilty of capital murder as charged in the indictment and whose punishment has been assessed by the verdict of the jury and judgment of the Court at Death, shall be kept in custody by the Director of the Texas Department of Criminal Justice, Institutional Division, until the **10th day of October, 2019**, upon which day, at the Texas Department of Criminal Justice, Institutional Division, at some time after the hour of six o'clock p.m., in a room arranged for the purpose of execution, the said Director, acting by and through the executioner designated by said Director, as provided by law, is hereby commanded, ordered and directed to carry out this sentence of death by intravenous injection of a substance or substances in a lethal

quantity sufficient to cause the death of the said Randy Ethan Halprin until the said Randy Ethan Halprin is dead. Such procedure shall be determined and supervised by the said Director of the Texas Department of Criminal Justice, Institutional Division.

Within 10 days of the signing of this Order, the Clerk of this Court shall issue and deliver to the Sheriff of Dallas County, Texas, a Warrant of Execution in accordance with this Order, directed to the Director of the Texas Department of Criminal Justice, Institutional Division, at Huntsville, Texas, commanding him, the said Director, to put into execution the Judgment of Death against the said Randy Ethan Halprin.

The Sheriff of Dallas County, Texas is hereby ordered, upon receipt of said Warrant of Execution, to deliver said Warrant to the Director of the Department of Criminal Justice, Institutional Division, Huntsville, Texas.

The Clerk of this Court is ordered to forward a copy of this Order to Defendant's counsel, Tim Gumkowski, Tim_Gumkowski@fd.org, Paul Mansur, paul@Paulmansurlaw.com, and Tivon Schardl, Tivon_Schardl@fd.org, to counsel the State, Shelly Yeatts, Shelly.Yeatts@dallascounty.org, and Anna Kubalak, Anna.Kubalak@dallascounty.org, and to the Director of the Office of Capital and Forensic Writs, Benjamin Wolff, Benjamin.Wolff@ocfw.texas.gov.

**SIGNED** this 3rd day of July, 2019.

Lela Lawrence Mays

**JUDGE LELA LAWRENCE MAYS**
**282RD JUDICIAL DISTRICT COURT**
**DALLAS COUNTY, TEXAS**

You are hereby commanded to carry into execution the order of execution herein in accordance with this Warrant for the execution of the sentence of death, and in accordance with the Judgment of this said Court, shown herein, which I certify to be true and correct copies of the original Judgment, Mandate, and Order Setting Execution Date now on file on my office and entered on the Minutes of said Court.

**HEREIN FAIL NOT**, but due return make of this Warrant showing how you have executed the same.

Given under my hand and seal of the 283rd Judicial District Court of Dallas County, Texas, on this 8th day of July, 2019.

**FELICIA PITRE, DISTRICT CLERK**
**DALLAS COUNTY, TEXAS**

DISTRICT COURT OF DALLAS COUNTY, TEXAS

**SHERIFF'S RETURN**

The above and foregoing Warrant came to hand on the _____ day of July A.D. 2019, and immediately upon receipt, said Warrant was taken to the Texas Department of Criminal Justice, Institutional Division, at Huntsville, Texas, and delivered into the hands of the Director of the Texas Department of Criminal Justice, Institutional Division, and from the said Director a receipt was taken for the said Warrant as follows:

"Received from the Sheriff of Dallas County, Texas, a Warrant for the execution of the Death Sentence to be executed upon Randy Halprin in Cause No. F01-00327-T, in the 283rd Judicial District Court of Dallas County, Texas."

Date Signed: ______________

______________________________
Director
Texas Department of Criminal Justice
Institutional Division
Huntsville, Texas

which said receipt I now return to the office of the Clerk of the 283rd Judicial District Court of Dallas County, Texas, this _________day of July, A.D. 2019.

______________________________
SHERIFF
DALLAS COUNTY, TEXAS