IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 19-10960

United States Court of Appeals
Fifth Circuit

**FILED**
September 23, 2019

Lyle W. Cayce
Clerk

Consolidated with 19-10970

In re: RANDY ETHAN HALPRIN,

    Movant

Motions for an order authorizing
the United States District Court
for the Northern District of Texas to consider
a successive 28 U.S.C. § 2254 application
USDC No. 3:19-CV-1203
USDC No. 3:13-CV-1535

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

    While protesting the district court's conclusion that his application is a "second or successive" habeas application within the meaning of 28 U.S.C. § 2244(b)(3)(A), Randy Halprin petitions this court for permission to present a successive habeas application to the district court raising claims of bigotry-based bias by the judge who tried his case. We DENY the application.

    The underlying facts of Halprin's case are discussed in our recent opinion denying his certificate of appealability challenging the district court's decision

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in his initial federal habeas proceeding. *Halprin v. Davis*, 911 F.3d 247, 252–54 (5th Cir. 2018), *petition for cert. filed*, Case No. 18-9676 (U.S. June 14, 2019); *see also Halprin v. State*, 170 S.W.3d 111, 113 (Tex. Crim. App. 2005) (affirming conviction and sentence on direct appeal). Thus, we do not repeat them here. Suffice it to say that Halprin was convicted and sentenced to death as one of the "Texas Seven" who escaped from prison and then shot and killed an Irving police officer while they were trying to rob a store.

Relevant here, in his 2003 trial, Halprin's trial judge was Vickers Cunningham, who was then the judge of the 283rd District Court of Dallas County.[1] Some 15 years later, Cunningham was a runoff candidate in the Dallas County Republican primary seeking a position on the Dallas County Commissioners Court (the elected body that runs Dallas County). During that election, allegations were made that Cunningham had racist and anti-Semitic views (among others).[2] Halprin, who is Jewish, alleges that, until this time, he had been unaware of any bigotry on the part of Cunningham. His 2018 investigation found further evidence, including affidavits from people who were insiders with Cunningham to the effect that he had used anti-Semitic language to describe Halprin. Halprin filed a habeas application in federal district court and simultaneous state proceedings, which state proceedings are still pending.

---

[1] By the time of Halprin's state habeas proceeding, Cunningham had left the bench to make an ultimately unsuccessful bid to be the District Attorney in Dallas County. Halprin's state habeas proceeding is reported at *Ex Parte Halprin*, No. WR-77,175-01, 2013 WL 1150018 (Tex. Crim. App. Mar. 20, 2013) (per curiam).

[2] Cunningham has denied some of the allegations, but we will take them as true, given the procedural posture of this case. Assuming the allegations to be true, Cunningham's racism and bigotry are horrible and completely inappropriate for a judge.

No. 19-10960 c/w
No. 19-10970

The district court concluded that Halprin's application was a "second or successive" application under § 2244 and, therefore, transferred it to this court to determine whether to grant permission to file such an application. *See* 28 U.S.C. § 2244(b)(3). Halprin has appealed the transfer under Case Nos. 19-70016 and 19-70017. At the same time, he made the present application for permission to file a successive habeas application in the event that his appeal of the transfer order was unsuccessful.

We begin, as we must, with the question of whether Halprin's claim is a successive application because, if it is not, there is nothing to decide on this appeal. We conclude that the application is successive.

The Supreme Court has "declined to interpret 'second or successive' as referring to all § 2254 applications." *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007). However, the Court's determination that a "second in time" application was not successive has occurred in only two situations, neither applicable here. *See In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017) (per curiam). "The first is where ripeness prevented, or would have prevented, a court from adjudicating the claim in an earlier petition," such as request for relief on a *Ford*-based incompetency claim. *Id.* (citing *Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998)); *see also Panetti*, 551 U.S. at 944–45. "The second is where a federal court dismissed an earlier petition because it contained exhausted and unexhausted claims and in doing so never passed on the merits." *Coley*, 871 F.3d at 457 (citing *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000)). Our precedent is clear that "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

No. 19-10960 c/w
No. 19-10970

Although Halprin asserts that he did not know about Cunningham's bigotry until recently, that is not the same thing as a claim's being unripe.[3] The current claim, of course, is that Cunningham was bigoted all along: now and during the original Halprin trial. Thus, the claim was ripe in 2003, even if unknown to Halprin at the time. That fact contrasts with the situations in *Panetti* and *Stewart*, which Halprin cites in support of his contention. In *Panetti* and *Stewart*, the incompetency claim was not available to the defendants until after their initial habeas petitions because they were not incompetent until the later date. *Panetti*, 551 U.S. at 944; *Stewart*, 523 U.S. at 639, 643. A party can be competent to stand trial and then become incompetent thereafter. Here, however, Cunningham either was or was not biased during the trial, and the trial took place more than 15 years ago. Therefore, Halprin's application is successive.

Turning to whether we should grant permission to proceed, § 2244 provides only two bases for us to permit a successive habeas application, which can be summarized as either a new rule of law or a new factual predicate (with additional requirements discussed below). Halprin claims he prevails under both.

Examining the first one, § 2244(b)(2)(A), Halprin clearly fails to meet this standard: "the applicant [must show] that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A); *see Tyler v. Cain*, 533 U.S. 656, 662 (2001) (explaining these requirements). Halprin's claim does not rely on a *new* rule of constitutional law; instead, he

---

[3] Indeed, if "new facts" were enough to vitiate the need for permission to file a successive habeas application, there would be no need for § 2244(b)(2)(B).

relies on a rule that is nearly a century old. His judicial bias claim is based on *Tumey v. Ohio*, a Supreme Court case decided in 1927. 273 U.S. 510 (1927). *Tumey* is not a "new rule" within the meaning of § 2244(b)(2)(A). Indeed, Halprin does not contest this point.

Second, Halprin's argument that his judicial bias claim was "previously unavailable" within the meaning of § 2244(b)(2)(A) also fails. Halprin cites our decisions in *In re Cathey*, 857 F.3d 221 (5th Cir. 2017) (per curiam), and *In re Johnson*, Nos. 19-20552 & 19-70013, 2019 WL 3814384 (5th Cir. Aug. 14, 2019), *as revised* (Aug. 15, 2019), for the proposition that newly discovered evidence can support a claim under subsection (b)(2)(A). But both *Cathey* and *Johnson* involved changes in diagnostic standards for intellectual disabilities, which then altered the *legal* standards for granting relief on *Atkins*[4] intellectual disability claims. *See Johnson*, 2019 WL 3814384, at *5–6 (discussing and applying *Cathey*). Halprin does not argue that his judicial bias claim under *Tumey* was *legally* unavailable when he filed his first petition. Instead, he asserts that his claim was *factually* unavailable because he was unaware of evidence of Cunningham's judicial bias. But Halprin incorrectly conflates the "previously unavailable" requirement of subsection (b)(2)(A) with the new "factual predicate" standard found in subsection (b)(2)(B)(i). Halprin has not satisfied § 2244(b)(2)(A).

Turning to the "factual predicate" claim, the rule requires that the applicant prove that

> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be

---

[4] *Atkins v. Virginia*, 536 U.S. 304 (2002).

5

> sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(B). The district court questioned whether Halprin met the first subsection, given some indications that information about Cunningham's bigotry was available years ago. We conclude that it is unnecessary to address whether the factual predicate "could not have been discovered previously" because we conclude that Halprin fails to meet the second subsection in any event.

Halprin fails to present any evidence in his motion showing that Cunningham's bias against him would establish by clear and convincing evidence that, absent such bias, no reasonable factfinder would have found Halprin guilty of the underlying offense. He argues that structural error, such as judicial bias, does not have to meet this standard. But our authority to grant the right to file a successive application for habeas relief stems only from this statute, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and it is very specific. Indeed, structural error is a type of constitutional error. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 148 (2006). As AEDPA clearly states that the clear and convincing evidentiary requirement applies to "constitutional error," we see nothing to suggest that structural error is under a different, unstated standard. In line with this reasoning, the Ninth Circuit has held that a complaint about the presiding judge's racial bias "does not add to or subtract from the evidence of [a defendant's] guilt" as it "does not demonstrate, by clear and convincing evidence, that [the defendant] is actually

innocent of the crime for which he stands convicted." *Villafuerte v. Stewart*, 142 F.3d 1124, 1126 (9th Cir. 1998).[5]

Second, Congress enacted AEDPA, "at least in part, to ensure comity, finality, and deference to state court habeas determinations by limiting the scope of collateral review and raising the standard for federal habeas relief." *Robertson v. Cain*, 324 F.3d 297, 306 (5th Cir. 2003). In that regard, permitting a defendant to file a successive petition is "an exception that may be invoked only when the demanding standard set by Congress is met." *Pizzuto v. Blades*, 673 F.3d 1003, 1007 (9th Cir. 2012) (quoting *Bible v. Schriro*, 651 F.3d 1060, 1063 (9th Cir. 2011) (per curiam)). Congress set the demanding standard in § 2244(b)(3)(C)—"[t]he court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." *See In re Raby*, 925 F.3d 749, 754 (5th Cir. 2019) ("We permit the filing of a successive petition only if we conclude that [the petitioner's] application makes a prima facie showing that it satisfies the strict requirements in § 2244(b)"). Thus, Congress's intent in enacting AEDPA supports applying the statute as written, which requires a prima facie showing of clear and convincing evidence that, absent constitutional error, no reasonable factfinder would have otherwise found Halprin guilty of the underlying offense. Nothing close to such a showing was presented here.

In sum, as reprehensible as Cunningham's remarks are, we are bound to apply the law as written. It provides no basis for us to grant relief here in the

---

[5] We note that the facts in that case were different, as no evidence of direct bias against the defendant was presented. *Id.* at 1125–26.

No. 19-10960 c/w
No. 19-10970

form of allowing a successive habeas application to proceed. Accordingly, the application to file a successive habeas application is DENIED.

**Certified as a true copy and issued as the mandate on Sep 23, 2019**

**Attest:** *Tyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# United States Court of Appeals
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

September 23, 2019

Ms. Karen S. Mitchell
Northern District of Texas, Dallas
United States District Court
1100 Commerce Street
Earle Cabell Federal Building
Room 1452
Dallas, TX 75242

      No. 19-10960 c/w 19-10970  In re: Randy Halprin
            USDC No. 3:19-CV-1203
            USDC No. 3:13-CV-1535

Dear Ms. Mitchell,

Enclosed is a certified copy of the opinion issued as the mandate.

                    Sincerely,

                    LYLE W. CAYCE, Clerk

                    By: _____
                    Nancy F. Dolly, Deputy Clerk
                    504-310-7683

Enclosure(s)

cc:  Mr. Timothy Gumkowski
     Mr. Paul Edward Mansur
     Ms. Jennifer Wren Morris
     Mr. Tivon Schardl